UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robin Lynn Evans, | ) C/A No. 4:10-00547-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| Ray McBride, Director of Florence County Library, | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Robin Lynn Evans (Plaintiff), proceeding *pro se*, brings this action against an employee of the Florence County Library. Plaintiff seeks nullification of a decision to deny Plaintiff use of the facility. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

1

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

The complaint alleges that, in October of 2007, Plaintiff used a computer in the Florence County Library. Plaintiff returned to the library the following day. However, a police officer and the librarian informed Plaintiff that he was not allowed in the facility. Plaintiff called Defendant Ray McBride, Director of the Florence County Library, and "was told not to return to the Library that I was barred." Plaintiff further states "I did nothing wrong." As relief, Plaintiff asks the Court to "nullify

2

this barring from the public library. I want full access to this library just like any other American citizen."

Discussion

Plaintiff claims that, by directing him not to return to the Florence County Library, Defendant McBride violated Plaintiff's civil rights. Liberally construed, the complaint could be alleging a violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. The Fourteenth Amendment's Equal Protection Clause states, in relevant part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "limits all state action, prohibiting any state from denying a person equal protection through the enactment, administration, or enforcement of its laws and regulations." *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 289 (4th Cir.1998) (internal quotation marks & emphasis omitted).

An equal protection "analysis begins with the basic principle that a [plaintff] who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'" *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)(citing *Whitus v. Georgia*, 385 U.S. 545, 550 (1967)). Further, a plaintiff "must prove that the decisionmakers in *his* case acted with discriminatory purpose." *Id.* (emphasis in original). *See also Bell v. Ozmint*, 332 F.3d 229, 237 (4th Cir. 2003); *Johnson v. Rodriquez*, 110 F.3d 299, 307 (5th Cir. 1997)("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group")(citations omitted).

The instant complaint alleges that Defendant McBride directed Plaintiff "not to return to the library." However, Plaintiff provides no reason for Defendant McBride's actions. In fact, it appears Plaintiff has no idea why he has been banned from the library, stating "I did nothing wrong." Although the Court must liberally construe the *pro se* complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)*(*"Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement'")(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). *See also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)(the court is not required to develop tangential claims from scant assertions in the complaint). In the present action, Plaintiff fails to allege that Defendant McBride's actions were motivated by any discriminatory purpose. Therefore, any equal protection claim Plaintiff may be attempting to allege is subject to summary dismissal.

Further, it is noted that Plaintiff appears to seek mandamus relief against the Defendant. However, such relief cannot be granted by the Court in this case. District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Should

Plaintiff look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In the instant action, Plaintiff asks this Court to "nullify" a decision made by the Florence County Library Director, and to compel the Defendant to allow Plaintiff "full access" to the library. As Plaintiff seeks mandamus relief against a Florence County employee, the United States District Court for the District of South Carolina lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief. Thus, even had Plaintiff indicated that some discriminatory animus existed in the present action, the Court would have been unable to grant the relief sought by the Plaintiff.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

April 28, 2010  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).